UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAFON BLACKNALL,<br><br>          Plaintiff,<br><br>-against-<br><br>WHITE PLAINS POLICE; P.O. JACOBSON; P.O. D. VELEZ; P.O. MARINELLO; P.O. VALENTINE,<br><br>          Defendants. | **ORDER OF SERVICE**<br><br>24-CV-6122 (PMH) |

PHILIP M. HALPERN, United States District Judge:

  Plaintiff, who currently is detained at Westchester County Jail, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, for excessive force in violation of his constitutional rights. The complaint can also be liberally construed as asserting state law claims. By order dated September 18, 2013, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.**   White Plains Police Department

Plaintiff's claims against the "White Plains Police" must be dismissed because, under New York law, city agencies or departments lack the capacity to be sued. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of White Plains, the Court construes the complaint as asserting claims against the City of White Plains, and directs the Clerk of Court to amend the caption to substitute the City of White Plains for the White Plains Police. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of White Plains may wish to assert.

**B.**   Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants City of White Plains and Police Officers Jacobson, Marinello, Valentine, and Velez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary to effect service upon Defendants.

If the complaint is not served within 90 days of the date summonses issue, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that plaintiff is responsible for requesting an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Court dismisses Plaintiff's claims against the White Plains Police Department and directs the Clerk of Court to substitute the City of White Plains as a Defendant. Fed. R. Civ. P. 21. The Clerk of Court is further instructed to: (1) issue summonses for Defendants City of White Plains and Police Officers Jacobson, Marinello, Valentine, and Velez, complete the USM-285 forms with the addresses for Defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service; and (2) mail an information package to Plaintiff.

SO ORDERED.

Dated: White Plains, New York
September 30, 2024

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. City of White Plains
   White Plains City Law Department
   255 Main St
   White Plains, NY 10601

2. Police Officer Jacobson
   White Plains City Police Department
   77 S Lexington Ave
   White Plains, NY 10601

3. Police Officer Marinello
   White Plains City Police Department
   77 S Lexington Ave
   White Plains, NY 10601

4. Police Officer Valentine
   White Plains City Police Department
   77 S Lexington Ave
   White Plains, NY 10601

5. Police Officer Velez
   White Plains City Police Department
   77 S Lexington Ave
   White Plains, NY 10601