UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAFON BLACKNALL,

                              Plaintiff,

-against-

WHITE PLAINS POLICE; P.O. JACOBSON;
P.O. D. VELEZ; P.O. MARINELLO; P.O.
VALENTINE,

                              Defendants.

**ORDER**

24-CV-6122 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff commenced the instant action on August 6, 2024. (Doc. 1). The Court, after the case was reassigned to it, issued an Order of Service, directing service of the summonses and complaint upon Defendants City of White Plains and Police Officers Jacobson, Marinello, Valentine, and Velez. (Doc. 8). Counsel appeared and answered on behalf of those Defendants on October 28, 2024. (Doc. 11—Doc. 15). On October 29, 2024, Plaintiff filed an amended complaint, naming three additional defendants: Westchester County, and Police Officers Smith and Santa. (Doc. 17). The Court thereafter issued an Order of Service directing service of summonses and the Amended Complaint on Westchester County, and Police Officers Smith and Santa. (Doc. 18). On January 6, 2025, Defendants City of White Plains and Police Officers Jacobson, Marinello, Valentine, Velez, Smith, and Santa filed an answer to the Amended Complaint. (Doc. 25). There is no indication on the docket that Westchester County has been served. On April 1, 2025, Westchester County filed a letter advising that the U.S. Marshals Service served a copy of the initial complaint upon it but did not serve it with a copy of the Amended Complaint. (Doc. 32).

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in pro se cases, *id*. at 475 (citation omitted), has its limits – to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). "It is well established that a municipality may not be held liable under Section 1983 for alleged unconstitutional actions by its employees below the policy-making level solely upon the basis of respondeat superior." *Ukeje v. N.Y.C. Health & Hosps. Corp.*, 821 F. Supp. 2d 662, 669 (S.D.N.Y. 2011) (citing *Monell v. Dep't of Soc. Services of City of N.Y.*, 436 U.S. 658 (1978)). Rather, to prevail on a *Monell* claim against a municipality "the plaintiff must plead and prove that the violation of constitutional rights resulted from a municipal custom or policy." *Id.* at 670 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-83 (1986)). Thus, to assert a *Monell* claim against a municipality a plaintiff must plausibly allege and ultimately prove three things: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir. 1983)). Proof of the existence of a municipal policy or custom is required because a plaintiff must demonstrate that "the municipality took some action beyond merely employing the [allegedly] misbehaving officers." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 (S.D.N.Y. 2013) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)).

Plaintiff does not allege any facts showing that Defendant County of Westchester was involved in any way in the events underlying his claims, and does not plead any facially plausible *Monell* claim against the County. The police officers identified in the Amended Complaint were employed by Defendant City of White Plains (*see* Doc. 17, Doc. 25), and the Amended Complaint

3

is devoid of any allegations implicating the County of Westchester in any respect (*see* Doc. 17). Plaintiff's claims against Defendant County of Westchester are therefore dismissed without prejudice to Plaintiff's naming the County in a second amended complaint, provided he can allege the involvement of the County in the events underlying his claims or any plausible nexus between the County of Westchester and the subject incident that could establish a *Monell* claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff shall have until May 2, 2025 to file a second amended complaint in accordance with this Order.

## **CONCLUSION**

The Court dismisses without prejudice Plaintiff's claims against the County of Westchester. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is respectfully requested to terminate the County of Westchester as a Defendant in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
        April 2, 2025

PHILIP M. HALPERN
United States District Judge